BREWSTER *v.* BOYLE *et al.*

*(Supreme Court, General Term, First Department.* May 13, 1892.)

JUDGMENT BY DEFAULT—OPENING—AFFIDAVIT OF DEFENSE.

A motion to open a default judgment will not be granted where the affidavit on which the motion is based fails to outline any defense.

Appeal from special term, New York county.

Action by John L. Brewster against William Lewis Boyle and Camille Weidenfeld to enforce a contract for the purchase of certain mortgages. There was judgment for plaintiff by default, and from an order denying their motion to open the default defendants appeal. Affirmed.

The following are the affidavit and contract referred to in the opinion:

"Camille Weidenfeld, being duly sworn, deposes and says that he is a member of the copartnership of I. B. Newcombe & Co., bankers and brokers, doing business at No. 54 Wall street, in the city of New York; that he is one of the defendants in this action; and that the summons and complaint were served upon him, to the best of his recollection, upon the 23d day of February, 1892, and he thereupon and on said day delivered the copy so served to his attorney, Frank Sullivan Smith, with the statement that they had been served as aforesaid. Deponent further says that he has a good and substantial defense to this action, and that the facts upon which such defense is based, and which this defendant will prove at the trial hereof, are these, to wit: That heretofore, and on or about the 10th day of December, 1891, this defendant entered into a contract with the Squires & Whipple Company for the purchase of the premises mentioned in the complaint, upon the consideration of

the conveyance to said Squires & Whipple Company of a certain house owned by this defendant in Orange, N. J., and his assumption of an indebtedness of $47,000, then stated to be a lien upon said premises and held by the plaintiff; which said indebtedness said plaintiff at that time, and prior to the execution of said contract, agreed, and which agreement was part of the consideration of said contract, that said indebtedness should be secured by mortgage upon said premises, (consisting of two lots,) as follows: A first mortgage of $20,000 upon each of said lots, and a second mortgage of $4,000 upon one of said lots, and a second mortgage for $3,000 upon the other lot. That said first mortgages were each to mature in three years after the execution of the deed to be delivered, and said second mortgages were to mature one year after such execution. That relying upon said agreement, and the good faith of the plaintiff in the performance thereof, this defendant thereupon entered into a contract for the sale of said premises to the defendant William Lewis Boyle for the sum of $20,000, and thereafter said Boyle assigned said contract with plaintiff to William W. McFarland; all of which contracts of sale were made upon the consideration, among other things, of the agreement of the plaintiff regarding the adjustment of the mortgage debt as aforesaid. That upon the 15th day of December, 1891, the date when, under the contract to this defendant, a deed was to be given of the premises in the complaint mentioned, and said William W. McFarland being ready and willing to carry out his part of said contract, the plaintiff sought to relieve himself from his agreement to adjust the mortgage debt as aforesaid, and then and there refused absolutely to make such adjustment, notwithstanding the fact that his undertaking so to do was the moving cause for the execution by this defendant of said contract for purchase; but plaintiff insisted that $7,000 of said principal sum secured by second mortgage as aforesaid should be paid immediately, but agreed that in case this defendant would pay to the plaintiff the sum of $500 he would then carry out his contract, which this defendant refused to do. Deponent further says that having received from said defendant Boyle the sum of $20,000, according to the terms of the contract between these defendants, and said Boyle having assigned his interest in said contract to said McFarland, this deponent, not because he recognized any liability, but for the purpose of avoiding unnecessary delay and embarrassing negotiations, and not with the intent of releasing any of his rights, wrote said plaintiff a letter on said 15th day of December, 1891, copy whereof is hereto annexed, which was also signed by said Boyle. That in and by the terms of said letter these defendants agreed to pay for and take an assignment of the second mortgages, as aforesaid, within thirty days from the date of said letter. Deponent further says that as appears by the complaint herein, and the letter of C. L. Westcott, dated January 29, 1892, * * * no tender of said mortgages or bonds was made to these defendants within said thirty days, and that by reason of the failure to make such tender deponent is advised that any subsequent tender is of no avail, and that he is relieved from whatever liability he might have incurred by writing the letter of December 15, 1891, hereto annexed. Deponent further says that there was no mutuality of engagement growing out of said letter of December 15, 1891, and the same is insufficient in law, for the reason, among others, that said letter was without consideration, and fraudulently extorted from these defendants by duress practiced upon them as aforesaid by the plaintiff.     CAMILLE WEIDENFELD."

"Agreement made the twelfth day of November, in the year one thousand eight hundred and ninety-one, between the Squires and Whipple Company, a corporation, party of the first part, and Mr. Camille Weidenfeld, party of the second part, in the manner following: The said party of the first part, in consideration of the sum of seventy-two thousand dollars, to be fully paid as hereinafter mentioned, hereby agrees to sell unto the said party of the second part all those two certain lots, pieces, or parcels of land, with the buildings thereon

erected, situate, lying, and being in the city, county, and state of New York, and together bounded and described as follows: Beginning at a point on the easterly side of Riverside avenue or drive, distant eighty-two feet and ten inches southerly from the southerly side of Eighty-Second street, in a line drawn at right angles to said street, and about eighty-nine feet and three inches from the corner of said street and avenue, measured along the easterly side of said Riverside avenue, and running thence easterly, and parallel with Eighty-Second street, seventy-eight feet and nine inches; thence northerly, and at right angles to Eighty-Second street, eighteen feet and eight inches; thence westerly, and parallel with Eighty-Second street, fourteen feet and four inches; thence northerly, and at right angles to Eighty-Second street, fifteen feet and six inches; thence westerly, and parallel with Eighty-Second street, twenty-six feet and six inches, to a corner in the rear wall of the building erected upon the most northerly of the said lots of land; thence, in a northwesterly direction, along the outside of the said rear wall, six feet and three inches, to another corner in said wall; thence westerly, on a line drawn parallel with Eighty-Second street, and distant forty-four feet and two inches southerly therefrom, forty-seven feet, to the easterly side of Riverside drive; and thence southerly, along the easterly side of Riverside drive, about forty feet and nine inches, to the point or place of beginning,—the side walls of each of the houses being party walls, being 3d and 4th houses south of 82d street. And the said party of the second part hereby agrees to purchase said premises at the said consideration of seventy-two thousand dollars, and to pay the same as follows: Forty-seven thousand dollars on the delivery of the deed as hereinafter mentioned, by taking said premises subject to mortgages for that amount in the aggregate, bearing interest at the rate of five per cent. per annum, and having at least one year from said date to run; and the balance by conveying or causing to be conveyed to the said party of the first part or its assigns, by a proper deed with full covenants, the fee simple of a parcel of land, with the buildings and improvements thereon, situated in Llewellyn Park, Orange, New Jersey, and bounded southerly by Honeysuckle avenue, westerly by a private road leading to the residence of said party of the second part, northerly by land of said party of second part, and easterly by land of party of the second part, and containing one and a half acres of land; said premises to be free and clear of all liens and incumbrances except the conditions contained in deeds from the Park Association, and a lease which will expire October 1, 1892. It is understood, however, that there is now a mortgage for ten thousand dollars on said last-mentioned property, and, if the said party of the second part shall not be able to pay off the same before the delivery of the deeds under this contract, the party of the first part will accept the bond of the party of the second part, secured by a mortgage on the premises first above described, for ten thousand dollars, payable in six months, with interest at five per cent. per annum, which shall be canceled at any time when the mortgage for the same amount on the Orange property shall be discharged and canceled of record. And the said party of the first part, on receiving such payment at the time and in the manner above mentioned, shall, at its own proper costs and expenses, execute, acknowledge, and deliver, or cause to be executed, acknowledged, and delivered, to the said party of the second part, or to ——— assigns, a proper deed, with full covenants, for the conveying and assuring to them the fee simple'of the said premises in the city of New York, free from all incumbrances, except the mortgage for $47,000 above mentioned, and an agreement restricting and prohibiting any extension of the buildings thereon in the rear, it being understood and agreed that the instruments referred to in within contract, to be executed and delivered, shall conform to the requirements of chapter 475, Laws 1890, relating to deeds, bonds, and mortgages, so far as the same is applicable thereto, and which deed shall be delivered on or before the twelfth of

December, 1891, at 1 o'clock P. M., at the office of the party of the first part, No. 146 Broadway, in the city of New York. And it is understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators, and assigns of the respective parties.

"In witness whereof the parties to these presents have hereunto set their hands and seals the day and year first above written.

"SQUIRES, WHIPPLE & CO.  [L. S.]
"CAMILLE WEIDENFELD.  [L. S.]

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

*Frank Sullivan Smith,* for appellants. *Alfred B. Cruikshank,* for respondent.

PER CURIAM. When the motion to open the default in this case was originally denied, leave was given to the defendants to renew upon further papers. They were thus plainly advised that an affidavit of merits was insufficient to entitle them to be relieved. They evidently understood that they would be required to present a good *prima facie* defense, and also to show good faith in making the application. But they have done neither. The affidavit of the defendant Weidenfeld, conceding its absolute verity, fails to outline any defense. The defendants, for a valuable consideration, viz., the extension of the time within which certain mortgages were to be made payable, agreed to purchase two second mortgages for $3,000 and $4,000, respectively, within 30 days from the 15th day of December, 1891. These facts are uncontradicted. The agreement was in writing, and specified the extension of the prior mortgages from one to three years as the consideration for the contract to purchase. The original contract providing that these first mortgages should run for one year was also in writing, and a copy is to be found in the record. There is not, therefore, a suggestion of a defense nor of good faith in the making of this application. It was of no consequence whether a demand for the money which the defendants agreed to pay was made within the 30 days, and the question of tender would, under the circumstances, only affect the matter of interest. It is plain that the defendants have no substantial merits, and their application was properly denied. The order should be affirmed, with $10 costs and disbursements.